IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

MACK WINCHESTER, #121276,       )
                                )
      Plaintiff,                )
                                )
v.                              )        Case No. 2:21-cv-239-WHA-SMD
                                )        [WO]
LEIGH GWATHNEY, *et al.*,        )
                                )
      Defendants.               )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se Plaintiff Mack Winchester ("Winchester"), an inmate incarcerated at the Red Eagle Honor Farm in Montgomery, Alabama, brings this action under 42 U.S.C. § 1983. Winchester alleges that Defendants Leigh Gwathney, Cliff Walker, and Dwayne Spurlock, members of Alabama Board of Pardons and Paroles, violated the rules and procedures governing the parole of inmates. Winchester requests that he be granted parole and released from prison. Because Whinchester is proceeding *in forma pauperis*,[1] the undersigned Magistrate Judge has screened his complaint under 28 U.S.C. § 1915(e)(2)(B) and now recommends that this case be dismissed.

In the Eleventh Circuit, a district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or

---

[1] *Order* (Doc. 3) p. 1 (granting Winchester's motion to proceed *in forma pauperis*).

(iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court has broad discretion to manage its *in forma pauperis* cases and to determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

To survive § 1915 review, a complaint must meet the pleading standard set forth in Federal Rule of Civil Procedure 8. *See, e.g.*, *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 639 (11th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Conclusory assertions and formulaic recitations of the elements of a cause of action are insufficient to meet this standard. *Twombly*, 550 U.S. at 555.

In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim for which relief may be granted, a court employs the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6), a complaint is subject to dismissal if it fails "to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of a defendant's liability." *Twombly*, 550 U.S. at 556. A reviewing court

must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions—e.g., formulaic recitations of the elements of a cause of action—no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Additionally, federal courts liberally construe pro se pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold pro se pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. v. United States*, 838 F. App'x 501 (11th Cir. 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). A court should dismiss a pro se complaint without providing leave to amend "where amendment would be futile"[2]—i.e., where the complaint as amended would still be subject to dismissal.[3]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Supreme Court has made clear that, when an inmate challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination

---

[2] *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010).

[3] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus" under 28 U.S.C. § 2254—no such claim is cognizable under § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

In this case, Winchester's complaint fails to state a plausible claim on which relief could be granted under 42 U.S.C. § 1983. Winchester alleges that Defendants' decision denying him parole violated his constitutional rights; he requests that he be granted parole and released from prison. Because Winchester challenges the fact or duration of his confinement, and seeks immediate release or a speedier release, his sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2254. His claim is not cognizable under § 1983. Winchester's complaint, therefore, fails to state a claim on which relief could be granted.

\*     \*     \*

For these reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice. It is ORDERED that the parties shall file any objections to this Recommendation on or before **July 29, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court

4

except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Secs., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

     DONE this 15th day of July, 2021.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE